ANDREA T. MARTINEZ, United States Attorney (#9313)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED US District Court-UT
MAR 30 '22 AM 11:05

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHRIS E MCCORMICK, Defendant. | INDICTMENT<br><br>Counts 1-2: 18 U.S.C. § 1014 (False Statement in Loan and Credit Application)<br><br>Counts 3-4: 18 U.S.C. § 1957 (Money Laundering) |

Case: 2:22-cr-00114
Assigned To : Parrish, Jill N.
Assign. Date : 3/30/2022

The Grand Jury alleges:

At all times relevant to this Indictment:

1. Defendant CHRIS E MCCORMICK ("MCCORMICK") was a resident of Salt Lake County, Utah.

2. Defendant MCCORMICK operated and controlled Peak Debt Consumption, LLC and JR Blending LLC.

3. Mountain America Credit Union ("MACU") is a financial institution, the accounts of which are insured by the Federal Deposit Insurance Corporation ("FDIC").

4. The United States Small Business Administration ("SBA") is an executive-branch agency of the United States federal government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by

enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enables and provides for loans through banks, credit unions, and other lenders. These loans have government backed guarantees.

5. In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

6. One of these new programs is the SBA Paycheck Protection Program ("PPP"), which is a loan program designed to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA will forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submit documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities.

7. Payroll, as defined by the PPP, excludes compensation of an individual employee in excess of an annual salary of $100,000, prorated as necessary.

8. Interested applicants apply through an existing SBA lender or any other participating federally insured financial institution. Program requirements include that the borrower business was in operation on February 15, 2020, and either had employees for whom the business paid salaries and payroll taxes or paid independent contractors as reported on a Form 1099-MISC.

9. The PPP application process requires applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contains information as to the purpose of the loan, average monthly payroll, number of employees and background of the business and its owner.

10.  The PPP loan application requires the applicant to certify to the truthfulness of all information in the application.

## Count 1
## 18 U.S.C. § 1014
### (False Statement in Loan and Credit Application)

11.  The factual allegations above are incorporated by referenced and realleged as though fully set forth herein.

12.  On or about May 11, 2020, in the District of Utah and elsewhere,

### CHRIS E MCCORMICK,

defendant herein, knowingly made and caused to be made false statements for the purpose of influencing the action of MACU, a bank the deposits of which were then insured by the FDIC, in connection with a PPP loan application for approximately $266,000, in that defendant MCCORMICK falsely stated and caused to be falsely stated that Peak Debt Consumption, LLC had 12 employees and had a monthly payroll of $100,000.

All in violation of 18 U.S.C. § 1014.

## Count 2
## 18 U.S.C. § 1014
### (False Statement in Loan and Credit Application)

13.  The factual allegations above are incorporated by referenced and realleged as though fully set forth herein.

14.  On or about May 13, 2020, in the District of Utah and elsewhere,

### CHRIS E MCCORMICK,

defendant herein, knowingly made and caused to be made false statements for the purpose of influencing the action of MACU, a bank the deposits of which were then insured by the FDIC, in connection with a PPP loan application for approximately $248,166.67, in that defendant

MCCORMICK falsely stated and caused to be falsely stated that JR Blending LLC had 11 employees and had a monthly payroll of $91,666.67.

All in violation of 18 U.S.C. § 1014.

### Counts 3-4
### 18 U.S.C. § 1957
### (Money Laundering)

15. The factual allegations above are incorporated by reference and realleged as though fully set forth herein.

16. On or about the dates listed below, in the District of Utah, and elsewhere

**CHRIS E MCCORMICK,**

defendant herein, did knowingly engage in a monetary transaction by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that was derived from the specified unlawful activity that constitutes a violation of 18 U.S.C. § 1014, in instances including but not limited to each count below:

| COUNT | DATE (on or about) | MONETARY TRANSACTIONS |
|---|---|---|
| 3 | 05/14/2020 | Online wire transfer of $225,000 from Peak Debt Consumption LLC's MACU account ending in xxx9632 to defendant MCCORMICK's TD Ameritrade account |
| 4 | 05/15/2020 | Online wire transfer of $225,000 from JR Blending LLC's MACU account ending in xxx2500 to defendant MCCORMICK's Wells Fargo account ending xxx2796 |

All in violation of 18 U.S.C. § 1957.

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2), upon conviction of any offense violating 18 U.S.C. § 1014, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

/S/
_____
FOREPERSON OF THE GRAND JURY

ANDREA T. MARTINEZ
United States Attorney

_____
JACOB J. STRAIN
Assistant United States Attorney